05-CV-05575-CMP

FILED ___ RECEIVED ___ LODGED

SEP 0 2 2005

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUGLAS WOOD and SANDRA KARLSVIK, husband and wife,

Plaintiffs,

v.

KITSAP COUNTY; WEST SOUND NARCOTICS ENFORCEMENT TEAM; OFFICER MATTHEW DOUGH. WestNET); GIG HARBOR POLICE DEPARTMENT DETECTIVE JOHN DOE SCHUSTER (WestNET) DETECTIVE JOHN HALSTED (POULSBO POLICE DEPT, WestNET, Badge #606); DETECTIVE G.R. MARS (WSP STATEWIDE INCIDENT RESPONSE TEAM, Badge #685); DETECTIVE JOHN DOE WILSON and JOHN DOES 1-25

Defendants.

No. C05 5575 RBL

COMPLAINT FOR DAMAGES

**JURY TRIAL REQUESTED**

# I. JURISDICTION AND VENUE

**1.1** This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth and Fourteenth Amendment to the United States Constitution, as well as the common law of torts. This Court has jurisdiction of this action pursuant to 42 U.S.C. §1983, 28 U.S.C. §1343, and 28 U.S.C. §1331, 1332, and 1367.

COMPLAINT - 1
F:\Wood\P\Complaint.doc

Leemon + Royer
2505 Second Avenue, Suite 610, Seattle, WA 98121
Phone 206 269-1100   Fax 206 269-7424

ORIGINAL

1.2     All acts complained of herein occurred in Fox Island, Pierce County, Washington. Defendants Kitsap County; West Sound Narcotics Enforcement Team; is located in this judicial district. It is believed that at least one of the defendants is a resident of Kitsap, Washington.

## II.     PARTIES

2.1     The plaintiffs Douglas Wood and Sandra Karlsvik are residents of Fox Island, Pierce County, Washington.

2.2     At all times referred to herein, the individually named defendants and the John Doe defendants whose present names are unknown, were police officers employed by the defendant Kitsap County, the State of Washington, the City of Poulsbo, the city of Gig Harbor, and other police agencies unknown at the present time. The individual defendants not employed by the State of Washington were all affiliated with the Defendant West Sound Narcotics Enforcement Team (WestNet).

2.3     Defendant Kitsap County, Washington, is a municipal corporation, organized and existing under the laws of the State of Washington.

2.4     Defendant West Sound Narcotics Enforcement Team is a multi-jurisdictional Drug Task Force. Participating agencies include the Kitsap County Sheriff's Office, the Washington State Patrol, Poulsbo Police Department, Port Orchard Police Department, Bremerton Police Department, Shelton Police Department, Bainbridge Island Police Department, and the Mason County Sheriff's Office.

2.5     Plaintiffs sue each individually named defendant and each John Doe defendant in his or her individual capacity. At all times material hereto, the individually named defendants and the John Doe defendants were acting in the course of and in furtherance of their employment for the their respective police agencies. At all times material hereto, the individually named defendants and the John Doe defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Washington.

**2.6** John Does 1-20 are other as yet unidentified police officers believed to be participants in the illegal detention and custody of the plaintiff Douglas Wood, and the illegal search conducted in the home of plaintiffs.

**2.7** At all times pertinent hereto, the individually named defendants and the John Doe defendants were acting in concert with one another.

**2.8** At all times pertinent hereto Defendants were acting in accordance with established policy and practice of Westnet to conduct illegal searches and to carry out such searches using unreasonable means/ and or methods.

### III.   FACTUAL ALLEGATIONS

**3.1** On September 5, 2002 members of the West Sound Narcotics Enforcement Team (WestNET) along with representatives of the Washington State Patrol Statewide Incident Response Team (SIRT) conducted a raid on the residence of the plaintiff herein on Fox Island, Pierce County, Washington.

**3.2** This raid was conducted pursuant to a search warrant obtained by a member or members of WestNET and signed by Kitsap County Superior Court Judge Russell Hartman, not withstanding the fact that the property to be searched is in Pierce County.

**3.3** This warrant was obtained by the officers conducting this raid despite the fact that there was not, and they knew there was not, probable cause to believe the plaintiff had committed any crimes. The search warrant was obtained by presenting to the Judge materially inaccurate and incomplete information.

**3.4** Acting pursuant to this unlawfully obtained warrant, numerous officers from several police agencies raided plaintiff's residence.

**3.5** During the course of this raid, certain members of the invading officers deployed pepper gas and/or tear gas and/or other chemical weapons, without any justification, inside of plaintiff's home, rendering it uninhabitable.

**3.6** This chemical weapon and or these chemical weapons were deployed despite the fact that the plaintiff herein was offering no resistance, and no danger of any kind was presented to the attacking officers.

**3.7** During the course of this armed invasion, one of the officers, without any justification or cause, shot plaintiff's aging and docile dog in the face with a pepper ball gun rendering the dog blind.

**3.8** The invasion of plaintiff's home was allegedly conducted as a search for drugs. The only drugs present on plaintiff's property, and the only drugs that were located, was a small patch of marijuana which plaintiff was growing for his own personal use pursuant to the State Medical Marijuana Act, RCW 69.51.A.

**3.9** Plaintiff Wood has long suffered from trigeminal neuralgia, an extremely painful and debilitating neurological disorder. The marijuana he was growing was solely used for treatment of this condition, in compliance with the State's medical marijuana law.

**3.10** Plaintiff Wood had a form signed by a medical doctor indicating that she had discussed with plaintiff the use of marijuana as a means of attempting to deal with his chronic pain.

**3.11** Although plaintiff was unable to obtain this form from his home during the course of the invasion, he did have a note indicating that his use of marijuana was for medical purposes, and signed by a medical doctor, which he presented to the raiding officers.

**3.12** Notwithstanding the fact that the plaintiff's use of marijuana was clearly in accordance with the State's medical marijuana law, plaintiff was arrested, handcuffed, taken from

his home and incarcerated in the Pierce County Jail, where he remained until released forty-one (41) hours later.

**3.13** The actions of the police agencies involved in this invasion were done recklessly and/or with malice, with the purpose and effect of violating the civil rights of the plaintiffs herein.

**3.14** The raid was conducted without probable cause, and the force and means used to carry out the raiding parties' unlawful purpose were themselves unreasonable and in violation of plaintiff's rights under the fourth and Fourteenth Amendments to the United States Constitution.

## IV.  FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS

**4.1** By this reference plaintiffs incorporate each and every allegation set forth in the preceding paragraphs.

**4.2** Plaintiff Daniel Wood herein was deprived without probable cause of his right to be secure in his person against unreasonable search and seizure in violation of the Fourth and Fourteenth Amendment of the United States Constitution. By invading plaintiffs' home, taking Plaintiff Wood into custody, deploying chemical weapons in their home, and blinding their dog, defendants acted unreasonably in violation of the Fourth and Fourteenth Amendments to the United States Constitution

**4.3** At all times relevant hereto, the individual defendants and John Doe defendants herein were acting under color of state law.

**4.4** The foregoing actions of the defendants are in violation of plaintiff's civil rights as guaranteed by the United States Constitution, in violation of 42 U.S.C. §1983.

**4.5** The actions of the defendants were conducted with malice, and without any regard for the rights of plaintiffs.

## V.  DAMAGES

5.1 As a direct result of the actions of the police agencies involved in the raid of their home, plaintiffs suffered special damages by way of injury to their dog and injury to their premises, which was rendered uninhabitable by the unreasonable actions of defendants.

5.2 Plaintiffs also sustained costs involved in cleaning their home in an attempt to remove the toxic chemicals released by the police agencies involved, and further suffered the loss of use of their home.

5.3 Plaintiffs also lost their homeowner's insurance and remain uninsured.

5.4 In addition, plaintiffs suffered severe emotional distress, past and future, a deprivation of their right to be free from illegal search and seizure under the United States Constitution and Plaintiff Wood's right to be free from unlawful seizure under the United States Constitution.

5.5 The plaintiff Sandra Karlsvik is entitled to damages for loss of consortium.

## VI. PRAYER FOR JUDGMENT

WHEREFORE, plaintiffs ask for the following relief against all defendants:

A. Compensatory Damages. Judgment should be entered against each defendant jointly and severally for compensatory damages in an amount to be proved at the time of trial.

B. Punitive Damages. The individually named defendants should be required to pay punitive damages pursuant to 42 U.S.C. §1983 in an amount to be proven at the time of trial.

C. Attorneys Fees and Costs. The individually named defendants should be required to pay reasonable attorney fees and costs pursuant to state law and further pursuant to 42 U.S.C. §1988.

D. Other Relief. The court should grant the plaintiffs such other and further relief as the court deems just and equitable under the circumstances.

## VII. DEMAND FOR A JURY TRIAL

Plaintiffs herein demand a trial by jury of the claims brought herein.

DATED this 2nd day of September, 2005.

LEEMON + ROYER

_____
MARK LEEMON, WSBA #5005
Counsel for Plaintiffs

COMPLAINT - 7
F:\Wood\P\Complaint.doc

Leemon + Royer PLLC
2505 Second Avenue, Suite 610, Seattle, WA 98121
Phone 206 269-1100   Fax 206 269-7424