HONORABLE RONALD B. LEIGHTON

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9   DOUGLAS WOOD and SANDRA KARLSVIK,
    husband and wife,

10                                Plaintiffs,

11        v.                                        NO.  C05-5575RBL

12   KITSAP COUNTY; WEST SOUND                      ANSWER AND AFFIRMATIVE DEFENSES
     NARCOTICS ENFORCEMENT TEAM;                    OF GIG HARBOR POLICE DEPARTMENT,
13   OFFICER MATTHEW DOUGIL, WestNET);              OFFICER MATTHEW DOUGIL,
     GIG HARBOR POLICE DEPARTMENT                   DETECTIVE JOHN DOE SCHUSTER AND
14   DETECTIVE JOHN DOE SCHUSTER                    DETECTIVE JOHN HALSTED TO
     (WestNET) DETECTIVE JOHN HALSTED               PLAINTIFFS' COMPLAINT FOR
15   (POULSBO POLICE DEPT, WestNET, Badge           DAMAGES AND DEMAND FOR JURY
     #606); DETECTIVE G.R. MARS (WSP
16   STATEWIDE INCIDENT RESPONSE TEAM,
     Badge #685); DETECTIVE JOHN DOE
17   WILSON and JOHN DOES 1-25

18                                Defendants.

19

20        The defendants Gig Harbor Police Department, Matthew Dougil, John Doe Schuster

21   and John Halsted answer the plaintiffs' Complaint for Damages as follows:

22        1.        Paragraph 1.1 states legal conclusions to which no answer is required.  To the

ANSWER AND AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY (C05-5575RBL) -
1

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

extent an answer is required, defendants admit this court has jurisdiction, but deny that jurisdiction is pursuant to 28 USC 1332.

2.      In answering paragraph 1.2 of plaintiffs' Complaint, defendants admit that the warrant service and arrest of plaintiff occurred in Fox Island, Pierce County, Washington.  The Gig Harbor Police Department is located in Pierce County, Washington.  Office Matt Dougil resides in Pierce County, Washington.  Officer Schuster resides in Kitsap County, Washington.  Officer Halsted resides in Kitsap County, Washington.  Except as so stated, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph and therefore deny the same.

3.      In answering paragraph 2.1 of plaintiffs' Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph and therefore deny the same.

4.      In answering paragraph 2.2 of plaintiffs' Complaint, Officer Matt Dougil is employed by the Gig Harbor Police Department, Officer Dale Schuster is employed by the Port Orchard Police Department, and Officer John Halsted is employed by the Poulsbo Police Department.  Officers Dougil, Schuster and Halsted are or were assigned to the West Sound Narcotic Enforcement Team (WestNET).   Except as so stated, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph and therefore deny the same.

5.      In answering paragraph 2.3 of plaintiffs' Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

ANSWER AND AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY (C05-5575RBL) -
2

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

6.     In answering paragraph 2.4 of plaintiffs' Complaint, defendants admit that WestNET is a multi-jurisdictional drug task force.  Defendants further assert that WestNET is not an entity against which suit can be brought, and is not a proper defendant in this action.

7.     Paragraph 2.5 of plaintiffs' Complaint contains legal assertions to which no answer is required.  To the extent an answer is required, defendants admit that officers Dougil, Schuster and Halsted were among officers from several jurisdictions during the issuance of a warrant and arrest of plaintiff Wood, and were acting within the course and scope of their employment.  Except as so stated, denied.

8.     In answering paragraph 2.6 of plaintiffs' Complaint, defendants deny.

9.     In answering paragraph 2.7 of plaintiffs' Complaint, defendants were acting pursuant to the WestNET Interlocal Agreement.  Except as so stated, denied.

10.    In answering paragraph 2.8 of plaintiffs' Complaint, defendants deny the allegations in said paragraph.

11.    In answering paragraph 3.1 of plaintiffs' Complaint, defendants admit that on September 5, 2002, several police officers, assisted by the Washington State Patrol Statewide Incident Response Team, served upon plaintiff a valid search warrant leading to plaintiff's arrest.  Except as admitted, defendants deny the allegations in paragraph 3.1.

12.    In answering paragraph 3.2 of plaintiffs' Complaint, defendants admit the search of plaintiffs' home was conducted pursuant to a search warrant obtained by a member of WestNET and believed to be signed by Kitsap County Superior Court Judge Russell Hartman.  Except as admitted, defendants deny the allegations in paragraph 3.2.

ANSWER AND AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY (C05-5575RBL) -
3

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

13.     In answering paragraph 3.3 of plaintiffs' Complaint, defendants deny the allegations in said paragraph.

14.     In answering paragraph 3.4 of plaintiffs' Complaint, defendants deny the allegations in said paragraph.

15.     In answering paragraphs 3.5 through 3.7 of plaintiffs' Complaint, defendants admit upon information and belief that SIRT members encountered three large growling dogs coming up the basement stairs as the team was descending them.  Pepper balls were deployed on the lead dog in order to deter its aggressive approach.  The dog was struck in the head area and immediately fled the house with the other dogs following.  Except as admitted, defendants deny the allegations in paragraphs 3.5 through 3.7.

16.     In answering paragraph 3.8 of plaintiffs' Complaint, defendants admit that pursuant to a valid search warrant, illegal drugs were located on plaintiffs' property.  Except as admitted, defendants deny the allegations in paragraph 3.8.

17.     In answering paragraph 3.9 of plaintiffs' Complaint, defendants are without knowledge or information sufficient to form a belief as the truth of the allegations of said paragraph and therefore deny the same.

18.     In answering paragraphs 3.10 and 3.11 of plaintiffs' Complaint, defendants admit plaintiff presented a note written by his wife recommending his use of marijuana.  Except as admitted, defendants deny the allegations of paragraphs 3.10 and 3.11.

19.     In answering paragraph 3.12 of plaintiffs' Complaint, defendants admit plaintiff was properly arrested and booked at the Pierce County Jail.  Except as admitted, defendants deny the allegations in paragraph 3.12.

ANSWER AND AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY (C05-5575RBL) -
4

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

20.     Defendants deny the allegations in paragraph 3.13 of plaintiffs' Complaint.

21.     Defendants deny the allegations in paragraph 3.14 of plaintiffs' Complaint.

22.     In answering paragraph 4.1 of plaintiffs' Complaint, defendants reassert each and every allegation in the preceding paragraphs as if fully set forth herein.

23.     In answering paragraph 4.2 of plaintiffs' Complaint, defendants deny the allegations contained in said paragraph.

24.     In answering paragraph 4.3 of plaintiffs' Complaint, defendants admit that they were acting lawfully and within the course of their respective employment.  Except as admitted, defendants deny the allegations of paragraph 4.3.

25.     In answering paragraph 4.4 of plaintiffs' Complaint, defendants deny the allegation contained in the stated paragraph.

26.     In answering paragraph 4.5 of plaintiffs' Complaint, defendants deny the allegations contained in said paragraph.

27.     In answering paragraph 5.1 of plaintiffs' Complaint, defendants deny the allegations contained in said paragraph.

28.     In answering paragraph 5.2 of plaintiffs' Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph and therefore deny the same.

29.     In answering paragraph 5.3 of plaintiffs' Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph and therefore deny the same.

ANSWER AND AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY (C05-5575RBL) -
5

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

30.    In answering paragraph 5.4 of plaintiffs' Complaint, defendants deny the allegations in said paragraph.

31.    In answering paragraph 5.5 of plaintiffs' Complaint, defendants deny the allegations in said paragraph.

32.    Defendants deny the allegations contained in the prayer for relief, subsections (a) through (d).

FURTHER, AND BY WAY OF AFFIRMATIVE DEFENSES, defendants allege as follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Complaint and each purported claim therein fail to state a claim against defendant upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiffs have failed to state a claim for liability under 42 U.S.C. § 1983 against defendants.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred in whole or in part by doctrines of qualified immunity or immunity.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

All or some of plaintiffs' alleged injuries, if any, may have been caused and/or contributed to in whole or in part by the plaintiffs' contributory or comparative fault or negligence.  The contributory fault or comparative fault chargeable to the plaintiffs bars plaintiffs' recovery or, in the alternative, diminishes proportionately the amount that can be

ANSWER AND AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY (C05-5575RBL) -
6

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

awarded as compensatory damages.   Defendants are entitled to an apportionment of fault under RCW 4.22.070.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by plaintiffs' own course of conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of assumption of risk.   Plaintiffs' injuries and damages, if any, arise out of conditions which plaintiffs had knowledge and to which plaintiffs voluntarily subjected themselves through their actions.

## SEVENTH AFFIRMATIVE DEFENSE

The defendants are entitled to a reduction in any damages that may be awarded against them by virtue of, and to the full extent of, any failure by plaintiffs to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Any claims that plaintiffs may assert against these defendants under 42 U.S.C. § 1983 are frivolous, entitling defendants to an award of costs, including a reasonable attorney's fee, under 42 U.S.C. § 1988 for having to defend against plaintiffs' claim under this statute.

## NINTH AFFIRMATIVE DEFENSE

The damages, if any, allegedly incurred by the plaintiffs are caused by the actions or omissions of plaintiffs and/or others, and were not proximately caused by defendants. Defendants are entitled to an apportionment of fault under RCW 4.22.070.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and/or some of them, may be barred by the applicable statutes of limitations.

ANSWER AND AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY (C05-5575RBL) -
7

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

## ELEVENTH AFFIRMATIVE DEFENSE

If any loss or damage was suffered by plaintiffs, which defendants deny, then the loss or damage may have been caused by or contributed to by the superseding, intervening, and unexpected acts and conduct of other persons and parties, all of which bar the plaintiffs' right to recovery from defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by the public duty doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims in the complaint are barred against the defendants because, pursuant to RCW 4.96.010 "[f]iling a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages," and the plaintiffs did not comply with RCW 4.96.010(1).

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims in the complaint are barred against defendants because plaintiffs did not comply with RCW 4.96.020, including RCW 4.96.020(2), (3) and (4). Pursuant to RCW 4.96.020(4), "No action shall be commenced against any local government entity for damages arising out of tortuous conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof." This claim statute also requires such a filing to pursue claims against an employee.

WHEREFORE, having answered plaintiffs' Complaint and asserted affirmative defenses, defendants Gig Harbor Police Department, Matt Dougil, Dale Schuster and John Halsted pray for relief as follows:

ANSWER AND AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY (C05-5575RBL) -
8

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1.      That plaintiffs' Complaint against defendants be dismissed with prejudice;

2.      That plaintiffs recover nothing against these defendants on their claims;

3.      That defendants be awarded their costs and disbursements herein, including reasonable attorneys' fees as available under applicable statutes and principles of law; and

4.      For such other and further relief as the Court deems just and equitable.

DATED this 19th day of December, 2005.

CHRISTIE LAW GROUP, PLLC


By     /s/  Robert L. Christie
        ROBERT L. CHRISTIE, WSBA #10895
        JASON M. ROSEN, WSBA #26550
        Attorneys for Defendants Gig Harbor Police
           Department, Officer Matthew Dougil,
           Detective John Doe Schuster and
           Detective John Halsted
        2100 Westlake Avenue N., Suite 206
        Seattle, WA 98109
        Telephone: (206) 957-9669
        Fax: (206) 352-7875
        Email: bob@christielawgroup.com

ANSWER AND AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY (C05-5575RBL) -
9

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark Leemon, WSBA #5005
LEEMON & ROYER PLLC
2505 Second Avenue, Suite 610
Seattle, WA 98121
leemon@leeroylaw.com

Ione S. George, WSBA #18236
Deputy Prosecuting Attorney
Kitsap County Prosecuting Attorney's Office
614 Division Street, MS-35A
Port Orchard, WA  98366-4676

CHRISTIE LAW GROUP, PLLC

By    /s/ Robert L. Christie
    ROBERT L. CHRISTIE, WSBA # 10895
    JASON M. ROSEN, WSBA #26550
    Attorneys for Defendants Gig Harbor Police
       Department, Officer Matthew Dougil,
       Detective John Doe Schuster and
       Detective John Halsted
    2100 Westlake Avenue N., Suite 206
    Seattle, WA  98109
    Telephone:  (206) 957-9669
    Fax:  (206) 352-7875
    Email:  bob@christielawgroup.com

ANSWER AND AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY (C05-5575RBL) -
10

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669